UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD H. GATES,
        Petitioner

        v.                     CIVIL ACTION NO.
                               NO. 16-10793-MBB

JEFFREY GRONDOLSKY,
        Respondent.

**ORDER FOR REASSIGNMENT AND**
**REPORT AND RECOMMENDATION FOR DISMISSAL**

**August 2, 2016**

**BOWLER, U.S.M.J.**

Petitioner Donald B. Gates ("Gates"), an inmate of the Federal Bureau of Prisons ("BOP") confined to FMC Devens, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

I.   <u>Background and Procedural History</u>

After jury trial, Gates was convicted of violating 18 U.S.C. § 2422(b) (using the internet to entice a minor to engage in sexual activity) and is serving a 135 month sentence which will be followed by a life term of supervised release.  <u>See</u>

United States v. Gates, C.R. No. 2:07-cr-14087-JEM-1 (S.D. Fla.
Nov. 18, 2008) ("criminal case").

On November 20, 2008, Gates filed an appeal, raising four
issues: (1) the evidence was insufficient to prove he intended
to entice a minor to engage in sexual activity; (2) evidentiary
errors cumulatively deprived him of a fair trial; (3) the
prosecutor engaged in misconduct during closing argument; and
(4) the jury instructions were incorrect.  See United States v.
Gates, No. 08-16706, 351 Fed. Appx. 362 (11th Cir. 2009).  On
October 30, 2009, the Court of Appeals for the Eleventh Circuit
affirmed Gates' conviction.  Id.

On September 29, 2014, Gates filed a motion to vacate
sentence pursuant to 28 U.S.C. § 2255.  See Gates v. United
States, No. 14-14404 (S.D. Fla. 2014).  On November 3, 2014, a
report and recommendation was issued by the magistrate judge
recommending dismissal of Gates' motion as time-barred under the
one-year limitations period prescribed by 28 U.S.C. § 2255(f).
Apparently, Gates had filed his Section 2255 motion more than
three years after judgment became final.

The magistrate judge further found that the United States
Supreme Court decision in Bond v. United States, 134 S. Ct. 2077
(2014) did not provide relief from the applicable statute of

limitations and that <u>Bond</u> did not apply retroactively.  Finally, the magistrate judge found that, to the extent Gates argued that he is actually innocent of the charged offenses due to police entrapment and/or inadequate evidence supporting federal jurisdiction, the fundamental miscarriage of justice exception did not apply because Gates failed to allege that he is factually, rather than legally, innocent of the offense to which he was convicted.  On November 25, 2016, Gates moved for an extension of time to object to the report and recommendation. The sentencing judge extended the time for Gates to file an objection through and until December 17, 2014.

One day after the time period for filing an objection passed, on December 18, 2014, the sentencing judge adopted the report of the magistrate judge to dismiss Gates' motion.  Gates subsequently filed two objections to the report and recommendation and, on January 6, 2015, a motion for reconsideration.  On January 6, 2016, the motion for reconsideration was denied.  Gates filed with the Court of Appeals for the Eleventh Circuit a request to proceed in forma pauperis and a certificate of appealability in order to appeal the dismissal of the Section 2255 motion and subsequent denial of his motion for reconsideration.  <u>See</u> <u>United States v. Gates</u>,

No. 16-10605-E (11th Cir. Jun. 15, 2015).  These requests were denied on June 15, 2015.

Less than one year later, on April 19, 2016, Gates filed the instant Section 2241 petition.  As best can be gleaned from the petition, Gates seeks to raise three grounds.  First, he contends that the Government failed to offer sufficient evidence to prove that he enticed 'Joey' to engage in sexual activity which he knew was unlawful.  Next, Gates argues that the district court erred by failing to conclude that Gates had been entrapped when, among other things, 'Joey' prodded Gates to discuss possible sexual activities.  Additionally, Gates argues that the United States Supreme Court decision in Bond v. United States, 134 S. Ct. 2077 (2014), should apply retroactively.  Gates also states that the sentencing judge was biased against Gates based upon Gates' open homosexuality.

Finally, Gates seeks monetary damages for injuries sustained due to the action, or inaction, of one or two unidentified correctional officers.  See petition, 15, 16.  Gates alleges that his prison grievance was denied.  Pet. 15(a)(1).  In his supporting memorandum, Gates alleges that on December 14, 2015, he fell in the bathroom of his cell and was transported to Leominster Hospital.  He alleges that he

fractured his ankle and that a homophobic correctional officer used excessive force and was deliberately indifferent to Gates' medical condition when he shackled Gates at the hospital. See Docket No. 2.  By letter dated March 31, 2016, the BOP Northeast regional Office acknowledged receipt of Gates' administrative claim and explained that they will consider and adjudicate his claim.

II.  Gates' Claim for Monetary Damages
     is Not Cognizable in a Habeas Action

     The Federal Tort Claims Act ("FTCA") and Section 2241 serve as sources for very different forms of relief.  Generally, a habeas petition under 28 U.S.C. § 2241 is the appropriate means to challenge the "fact or duration" of confinement.  Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004); see also Preiser v. Rodriguez, 411 U.S. 475 (1973) (writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement).  Under 28 U.S.C. § 2241, a petitioner must sue the individual who has custody of him (here, Warden Grondolsky who is named as respondent) and may not recover damages.

     In contrast, the FTCA, 28 U.S.C. § 2674, is the remedy available to a plaintiff who has sustained an injury as the result of a negligent or wrongful act or omission of an employee of the federal government who was acting within the scope of his

5

employment.   Under the FTCA, the only proper defendant is the United States and the only available remedy is monetary damages. See 28 U.S.C. § 2675(a).  Moreover, a plaintiff must first present his claim "in writing to the appropriate Federal agency within two years after such claim accrues" and then commence an FTCA action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

Here, Gates' FTCA claim is not the proper subject of a §2241 petition and must be pursued in a separate civil action after exhausting his administrative remedies with the BOP. Moreover, there is a $400 filing fee for civil actions, whereas habeas petitions carry a $5.00 filing fee.  Finally, it appears that Gates has not exhausted his administrative remedies as he has not received notice of a final decision by the BOP.

III. Savings Clause Jurisdiction

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence.  Section 2255(e), known as the "savings clause," preserves a limited role

for the court in the district of a federal inmate's
incarceration to exercise jurisdiction, under 28 U.S.C. § 2241,
to consider a challenge to the validity of an inmate's
detention.[1]   See United States v. Barrett, 178 F.3d 34, 49 (1st
Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v.
United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert.
denied, 528 U.S. 1126 (2000)(a motion under §2255 is the
"exclusive remedy in the sentencing court for any errors
occurring at or prior to sentencing, including construction of
the sentence itself."). Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to [§ 2255], shall not be entertained
> ... unless it ... appears that the remedy by motion
> [under § 2255] is *inadequate or ineffective to test
> the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The issue of the adequacy
and effectiveness of the § 2255 remedy in a case is
jurisdictional, as the proper district for filing the petition
depends on whether the petition is filed under § 2241 or § 2255.
See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

---

[1] While both provisions of §2241 and §2255 authorize challenges to the
legality of petitioner's continued federal custody, "[i]t is well established
canon of statutory construction that when two statutes cover the same
situation, the more specific statute takes precedence over the more general
one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing §2241 and
§2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657
(1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of §2241 where a petitioner claims "actual innocence"); see also United States v. Almenas, 52 F.Supp.3d 341, 345 (D. Mass. 2014) ("the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that [the petitioner] was not guilty of the crime of which he was convicted," and that most courts have required "a credible allegation of actual innocence that the petitioner could not have effectively raised at an earlier time," before allowing petitioners to take advantage of savings clause).

If nothing prevented the petitioner from raising his §2241 claims in a first §2255 motion, he cannot prevail in asserting that the §2255 process has been inadequate or ineffective to challenge his detention. See Bryant, 738 F.3d at 1272; see also

Barrett, 178 F.3d at 53.  The savings clause does not apply
merely because §2255 relief has already been denied, or because
a petitioner has been denied permission to file a second or
successive § 2255 motion, or because a second or successive
§2255 motion has been dismissed, or because the one year period
of limitations has expired.  United States v. Lurie, 207 F.3d
1075, 1077 (8th Cir.  2000); see Hernandez-Albino v. Haynes, 368
Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010) (unpublished
decision stating " . . . [t]he remedy in section 2255 does not
become 'inadequate or ineffective' simply by virtue of the fact
that the prisoner is not able to meet the gate-keeping
requirements for second or successive petitions."); Nascimento
v. United States, 2012 WL 1004316, *3 (D. Mass. 2012) (a
prisoner "may not circumvent statutory restrictions by filing a
habeas petition under § 2241 instead of § 2255").

IV.  Discussion

In this case, it is clear that §2255 relief is not
available to Gates because he previously sought §2255 relief,
albeit late.  Thus, absent permission to file a second or
successive §2255 motion from the Eleventh Circuit, this avenue
of relief is foreclosed to him.  See 28 U.S.C. § 2255(a).

Here, Gates' attempt to obtain §2241 relief that he could

not otherwise obtain on direct appeal or pursuant to §2255 is futile.  Gates already unsuccessfully sought relief from the sentencing court and the Eleventh Circuit.  Each time, he was denied the relief sought.  However, this does not render §2255 inadequate.

Gates asserts in his supporting memorandum, and not the petition, that he is innocent.  "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted).  The Court considers this claim to raise a purely legal challenge to his conviction and sentence.

Moreover, Gates cannot rely on Bond, 134 S. Ct. at 2363-2364 (holding that, in a proper case, an individual may "assert injury from governmental action taken in excess of the authority that federalism defines"), to invoke this court's savings clause jurisdiction because (1) it is factually inapplicable, and (2) it does not apply retroactively.

Also of significance is the fact that Gates has presented no new discernible factual circumstances nor put forth any relevant legal authority or intervening change in the law from

which this Court reasonably could conclude that §2255 is an
inadequate or ineffective remedy to test the legality of his
detention.  Finally, the Court does not find that Gates'
petition has put forth any exceptional facts or circumstances
that demonstrate that there would be a complete miscarriage of
justice should §2241 habeas relief not be granted.

For all of these reasons, the Court finds that the savings
clause does not provide authority for Gates to bring this §2241
habeas petition and the Court recommends that the petition be
denied and this action dismissed.

V.   Order for Reassignment

This Court will direct that the case file for this action
be returned to the Clerk's Office for REASSIGNMENT to a District
Judge for dismissal.

VI.   Recommendation to the District Judge

Based on the foregoing, this Court RECOMMENDS to the
District Judge to whom this case is reassigned that the petition
be dismissed.

VII. Notice of Right to Object

Petitioner is hereby advised, pursuant to Fed. R. Civ. P.
72, that if he objects to this recommendation, he must file
specific written objections thereto with the Clerk of this Court

11

within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Petitioner is further advised that failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.   This action shall be REASSIGNED to a District Judge; and

2.   This Court RECOMMENDS to the District Judge to whom this case is assigned that the petition for writ of habeas corpus be dismissed.

SO ORDERED.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge